[Bailey v. Levy & Co. *et al.*]

# Bailey *v.* Levy & Co. *et al.*

*Bill in Equity by Judgment Creditor to set aside Conveyance for Fraud.*

1. *Construction of registration statute.*—Section 1811 of the Code of 1886, providing that conveyances securing debts which are not recorded before judgment creditors' rights accrue to the property conveyed is void, applies only to instruments made to secure debts, and has no application to absolute deeds of conveyance.

2. *Same.*—Section 1810 of the Code of 1886, declaring conveyances of unconditional estates, &c., void as to judgment creditors, unless recorded within thirty days, has no application to an absolute deed of conveyance by a debtor which is recorded within the thirty days from the date of its execution.

3. *Bill to set aside fraudulent conveyances; burden of proof.*—On a bill filed by a judgment creditor to set aside a deed of conveyance executed by his debtor to a third person in payment of an alleged debt, upon complainant proving that his debt was contracted prior to the execution of the conveyance, the burden shifts upon the grantee in said deed of conveyance to prove the *bona fides* of the debt, the valuation of the property, and that it was received in payment at a fair valuation without the reservation of a benefit; and upon the making of this proof the complainant is not entitled to recover.

APPEAL from the Chancery Court of Lamar.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellees against the appellant. The facts of the case are sufficiently stated in the opinion.

On the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainants were entitled to the relief prayed for, and ordered accordingly. From this decree the defendant appeals, and assigns the rendition thereof as error.

E. D. WILLETT and M. B. CURRY, for appellant, cited *Davis v. Smith*, 82 Ala. 198; *Andrews v. Brown*, 21 Ala. 437; *Espy v. Comer*, 76 Ala. 501.

NESMITH & NESMITH and DANIEL COLLIER, *contra.* The complainants were entitled to the relief prayed for,

and the decree of the court so adjudging is free from error.—*Steiner v. Clisby*, 95 Ala. 91; *Wood v. Lake*, 62 Ala. 489; *King v. Paulk*, 85 Ala. 186; *Winston v. Hodges*, 102 Ala. 304; *Dickerson v. Carroll*, 76 Ala. 377; *Preston v. McMillan*, 58 Ala. 84.

COLEMAN, J.—Appellees, judgment creditors of J. K. P. Martin, surviving partner of A. J. and J. K. P. Martin, a partnership, filed the present bill, the object of which was to set aside and annul a deed of conveyance executed by the surviving partner to his sister the appellant. The bill averred that their debts were contracted prior to the execution of said deed of conveyance, and further averred, that the consideration for said deed of conveyance was simulated and fictitious. Complainants further averred, that by virtue of attachments sued out by them, which were levied upon the lot or land conveyed by said deed on the 17th of December, 1894, they acquired a prior lien upon the property conveyed. The answer of respondents denied all fraud in the transaction, and averred that a fair value of the property was one thousand dollars as expressed in the deed; that it was taken in payment *pro tanto* of a *bona fide* debt due from the partnership, and no benefit was reserved to the grantees. The answer further averred that the deed was duly executed prior to the levy of the attachments and the recovery of judgment thereon, and that it was duly recorded within thirty days after its execution, but subsequent to the levy of the attachment. These averments of the answer were sustained by the evidence without contradiction.

We are unable to perceive upon what grounds the chancellor decreed relief to the complainants. Sections 1810 and 1811 referred to in brief of appellees' counsel can not possibly aid complainants. Section 1811 applies only to instruments made to secure debts, and has no application to absolute deeds of conveyance. Section 1810 declares that conveyances of unconditional estates are to be void as to judgment creditors unless recorded within thirty days from their date. The uncontradicted evidence is, that the deed was duly recorded on January 10th, 1895, a period less than thirty days after its delivery to respondent.—*Winston v. Hodges*, 102 Ala. 304;

*Tutwiler v. Montgomery*, 73 Ala. 263 ; *Watt v. Parsons*, 73 Ala. 202 ; *Chadwick v. Carson*, 78 Ala. 116.

The proof of complainants that their debts were contracted prior to the execution of the conveyance, shifted the burden upon respondent to prove the *bona fides* of her debt, the valuation of the property, and that it was received in payment at a fair valuation. She met the burden by evidence which is uncontradicted and not assailed.

A decree will be here rendered reversing the decree of the chancery court and dismissing complainants' bill.

Reversed and rendered.