# Ledbetter, *et al. v.* Davenport Bros., *et al.*

*Bill by Creditors to Subject Property Fraudulently Conveyed.*

(Decided Jan. 16, 1908. 45 South. 467.)

*Fraudulent Conveyances; Burden of Proof; Good Faith of Purchasers.*—In an action to set aside a conveyance as in fraud of existing creditors the burden is upon the grantee to show that he paid a valuable and adequate consideration, and upon the mortgagee of grantee to show a bona fide purchase for value, and when this is done the burden is upon the attacking creditors to show that the grantee and his mortgagee had knowledge of the grantor's fraudulent intent, or knew of facts suficient to put them upon inquiry, which, if followed up, would have disclosed such fraudulent intent.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Davenport Bros. and others against J. M. Ledbetter and others. From a decree for complainants, defendants appeal. Affirmed.

JOHN B. TALLEY, and W. L. MARTIN, for appellant. The transaction was not between relatives, and the testimony shows that the sale was upon a valuable and adequate consideration, it follows that the sale is valid unless vitiated by actual fraud in which the purchaser participated, and the burden of making this proof is on the attacking creditor.—*Simmons v. Shelton*, 112 Ala. 284, 291; *Allen v. Riddle*, 141 Ala. 621, 37 So. 680; *Hodges v. Coleman*, 76 Ala. 103; *Shealy v. Edwards*, 75 Ala. 411; *Henderson v. Brown*, 125 Ala. 566; *Pollak v. Searcy*, 84 Ala. 254, 262; *Thames v. Rembert,* 63 Ala. 561, 567; *Smith v. Kaufman*, 94 Ala. 364; *Stix v. Keith*, 85 Ala. 465, 469; *Chaflin Co. v. Muscogee Mfg. Co.*, 127

Ala. 376; *Crawford v. Kirksey*, 55 Ala. 282; *Florence Sewing Mac. Co. v. Zeigler*, 58 Ala. 221; *Bradley v. Ragsdale*, 64 Ala. 558; *Lienkauf v. Morris*, 66 Ala. 406; *Cromelin v. McCauley*, 67 Ala. 542; *Lehman v. Kelly*, 68 Ala. 192; *Lipscomb v. McClellan*, 72 Ala. 151; *Green v. Emens*, 135 Ala. 563. "As was said in *Thames v. Rambert*, 63 Ala. 561, 'Fraud is never presumed, but must be proved by the party asserting it, and it will not be imputed, when the facts and circumstances, from which it is supposed to arise, may reasonably consist with honest intentions.' And in *Harrell v. Mitchell*, 61 Ala. 270, it is said that fraud 'must be proved by clear and satisfactory evidence, and when a transaction is susceptible fairly of two constructions, the one which will support and free it from the imputation of impurity of intention will be adopted.' "—*Allen v. Riddle*, 141 Ala. 621, 627-8; *Lipscomb v. McClellan*, 72 Ala. 151. "Courts will not strive to force conclusions of fraud; and if the circumstances and facts in evidence are fairly susceptible of an honest intent, that construction will be placed upon them."—*Cromelin v. McCauley*, 67 Ala. 542, 548; *McDonald v. Pearson*, 114 Ala. 630, 642; *Alabama Life Ins. Co. v. Pettway*, 24 Ala. 544. No conduct or declarations on the part of Ledbetter, not brought to the knowledge of Gullatt prior to the purchase, can affect Gullatt or his mortgagee Matthews.—*Lehman v. Kelly*, 68 Ala. 192; *Moses v. Dunham*, 71 Ala. 173; *Shealy v. Edwards*, 75 Ala. 411; *Harris v. Russell*, 93 Ala. 59; *Allen v. Riddle*, 141 Ala. 621.

VIRGIL BOULDIN, for appellee. Under the facts in this case the court may find it unnecessary to go any further than to find that the averment and proof of a full and adequate consideration is wanting.—*Noble v. Gillam*, 136 Ala. 618; *Penny v. McCulloch*, 134 Ala. 580; *Rus-*

*sell v. Davis,* 133 Ala. 647; *Watts v. Burgess,* 131 Ala. 333; *Wimberly v. Montgomery,* 132 Ala. 107; *Gamble v. Aultman & Co.,* 125 Ala. 372; *Wood v. Riley,* 121 Ala. 100. If an adequate consideration be alleged and proven, then the burden shifts to the complainant for actual fraud of the grantor participated in by the grantee, either by actual conspiracy, or by knowledge of facts sufficient to put him as a reasonable man on inquiry which if followed up would discover the fraud.—*Teague, Barnett & Co. v. Bass,* 131 Ala. 422; *Carter v. O'Bryan,* 105 Ala. 316; *Beall v. Lehman,* 110 Ala. 450; *Smith v. Collins,* 94 Ala. 404; *Simmons v. Shelton,* 112 Ala. 284; *Montgomery, Dryer & Co. v. Bayliss,* 96 Ala. 342; *Chapman v. Glennon,* 98 Ala. 263; *Smith v. Kauffman,* 94 Ala. 664; *Levy v. Williams,* 79 Ala. 171; *Adams v. Thornton,* 78 Ala. 489; *Tompkins v. Nichols,* 53 Ala. 197; *Wimberly v. Montgomery Fer. Co.,* 132 Ala. 197; *Watts v. Burgess,* 131 Ala. 333; *Thames v. Rembert,* 63 Ala. 561; *Seals v. Robinson,* 75 Ala. 369; *Carter v. Coleman,* 82 Ala. 181; 20 Cyc. 484. Matthews' mortgage on the stock of goods, etc., was fraudulent and void as against all those who had the right to charge same with the payment of debt in the hands of Gullatt. Matthews then is not in any view of the case an innocent purchaser, and it is immaterial to connect him with the fraudulent sale to Gullatt.—*Cross v. Berry, Demoville & Co.,* 132 Ala. 92; *Bir. Dry Goods Co. v. Roden,* 110 Ala. 511; *O'Neal v. Bir. Brew. Co.,* 101 Ala. 383; *Benedict v. Renfro,* 75 Ala. 126; *Roden v. Martin,* 128 Ala. 129.

TYSON, C. J.—The bill in this cause is exhibited by creditors of J. M. Ledbetter, and seeks to subject to the payment of their debts certain property attempted to be conveyed by him, in fraud of their rights, to one Gullatt, and to have declared void a mortgage upon this property

by Gullatt to one Matthews. It attacks the consideration of these alleged conveyances as being simulated, and also upon the theory, if adequate consideration was paid for the property, that Gullatt and Matthews had notice of Ledbetter's intent to hinder, delay, or defraud his creditors in the making of the sale to Gullatt.

Complainants being existing creditors of Ledbetter at the date of his attempted sale to Gullatt, it will not be doubted that the burden of proof was upon Gullatt to show that he paid a valuable consideration for the property, and that it was adequate, and upon Matthews to establish that he was a bona fide purchaser for value. If each of these respondents had borne this burden put upon him by the law, it then became incumbent upon the complainants to prove that they had notice of Ledbetter's fraudulent intent, or—its equivalent—of such facts as put them upon inquiry which, if followed up, would have disclosed his fraudulent purpose; and, if this was shown, the complainants would be entitled to the relief granted them by the decree appealed from. The fraudulent design and purpose of Ledbetter to put his property beyond the reach of his creditors is established beyond serious controversy; and we entertain the opinion, after a careful examination of the testimony, not only that Gullatt has failed to show that he paid an adequate consideration for the property, if, indeed, he paid anything, but that he is chargeable with knowledge of Ledbetter's fraudulent purpose, and that Matthews is also chargeable with like knowledge, if, indeed, he parted with anything of value to Gullatt on the mortgage which he claims to hold.

Affirmed.

SIMPSON, ANDERSON, and McCLELLAN, JJ., concur.