# Shaw & Shaw *v.* Cleveland.

### *Detinue.*

(Decided May 16, 1912  Rehearing denied June 19, 1912.
59 South. 534.)

1. *Mortgages; Foreclosure; Rights of Purchaser.*—When purchasing at a mortgage foreclosure sale, the purchaser acquires only such title as the mortgagee has.

2. *Same; Right of Mortgagee; Prior Purchase.*—Where a mortgage is taken simply in reliance upon the mortgagor's statement that he owns and is in possession of the property to be mortgaged, a mortgagee is not in position to claim that a prior sale of such property by the mortgagor was invalid because the mortgagor was left in possession.

3. *Same; Action for Possession of Property.*—Where a chattel mortgage is not shown to have been recorded, and is not introduced in evidence it cannot be made the basis of recovery of the mortgaged property, at the instance of the purchaser at the foreclosure sale, from a subsequent bona fide purchaser from the mortgagor, though such mortgage is mentioned in another alleged to have been a renewal thereof made subsequent to the purchase.

4. *Fraudulent Conveyance; Validity; Retention of Possession.*—The retention of the property by the seller if unexplained is prima facie evidence of fraud as to existing creditors of the seller; but, it explained so as to be consistent with good faith, and an absolute sale, it is valid.

5. *Detinue; Documentary Evidence; Admissibility.*—Where the purchaser of an engine at a mortgage foreclosure sale, brings detinue against one claiming title by purchase from the mortgagor prior to the giving of the mortgage, and the defendant asserts that part of the purchase price paid by his predecessor in title, since deceased, was a debt due from the mortgagor on certain notes, the notes given by the mortgagor and found among the effects of the deceased were admissible on evidence.

6. *Evidence; Declaration as to Possession.*—Where a purchaser brought detinue for an engine purchased at mortgage foreclosure sale, it was competent to admit declarations of the mortgagor, made while in possession of the engine, and before the mortgage was executed, that he had sold the engine to another, and had rented it back.

7. *Same; Admissibility.*—Where there was nothing in the question or answer indicating that the witness did not testify as to collective facts within his knowledge, it was not error to permit him to testify that the sale of the engine in controversy was made between other parties.

8. *Appeal and Error; Presentation; Objection.*—The trial court will not be put in error for declining to exclude a responsive answer when no objection was interposed to the question calling for the answer.

9. *Same; Curing Error.*—Where the same facts were subsequently brought out without any objection, any error in previously admitting the same improper testimony, is cured.

10. *Same; Harmless Error; Evidence.*—Where the verdict was for defendant in an action of detinue, the admission of evidence as to the value of the hire or use of the engine was harmless, if erroneous.

11. *Same.*—Where throughout the trial and in the instructions the property was treated as personal, if it was error to exclude evidence that the property was not a fixture, it was harmless.

12. *Same; Instructions.*—Where the charge of the court correctly stated the law applicable to the evidence, when read as a whole, technical inaccuracy in parts thereof are harmless.

13. *Trial; Objection to Evidence; Sufficiency.*—When part of a witness's testimony is relevant and competent, an objection going to the whole of the testimony is not sufficient to present error in the admission of that part that was improper.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Detinue by Shaw & Shaw against Jackson S. Cleveland. From a judgment for defendant, plaintiff appeals. Affirmed.

While the witness R. J. Lawley was testifying, it appearing that he was a son of the Lawley who was alleged to have bought the engine from Thomas, and who was at the time of the testimony dead, the defendant propounded to him the following questions, to which the plaintiff interposed objections which were overruled; these questions constituting the following assignments of error: (13) "Were you present at the mill, in April, 1909, when there was a conversation between Mr. Lawley and Mr. Thomas, and did Marion Lawley buy that Taylor & Chandler engine from Thomas that day?" (14) "Do you, yourself, know anything about Mr. Thomas renting that engine from Mr. Lawley?" (33) Rottenberry, a witness introduced by the defendant, and asked if, in the spring, in April or May, "there was a con-

versation between Mr. Lawley and Mr. Thomas and yourself, in reference to the engine." . Motion being made to exclude the question and the answer. The other facts sufficiently appear in the opinion.

The written charge made the basis of the twenty-sixth assignment of error is as follows: "I charge you that under the terms of the mortgage given by Thomas to the Bibb County Banking & Trust Company, on August 10, 1909, the bank got a title to the engine in question on August 8, 1908."

The following charges were given at the request of the defendant: "(1) I charge you, gentlemen of the jury, that if M. F. Lawley bought the engine, the subject-matter of this suit, prior to the execution of the mortgage to the Bibb County Banking & Trust Company, and that the heirs of said M. F. Lawley sold same to the defendant, you must render a verdict for the defendant, J. S. Cleveland. (2) I charge you, gentlemen of the jury, that M. F. Lawley was under no legal duty to record evidence of his purchase of said engine." The evidence tended to show that, after Lawley's death, his heirs all being of age, the engine in question was sold by them, without administration, to the defendant in this case.

S. D. LOGAN & SON, for appellant. The 3rd, 4th and 5th assignments of error are insisted upon that it was necessary for the plaintiff to show these matters by evidence.—*Miller v. Griffin*, 103 Ala. 610; *Jones' Case*, 70 Ala. 230; *Harkney's Case*, 26 Ala. 496; 13 Enc. of Law. 608, and 610. The court erred in sustaining the objections to the question set out in the seventh assignment of error.—*Wathem v. Gurley*, 75 Ala. 362. On the same authority the court erred in the 8th assignment of error. The 9th, 10th and 11th assignments

of error should be sustained.—*Cardwile v. Cardwile,* 131 Ala. 607; *Kimbrell v. The State,* 130 Ala. 43; *Williams v. The State,* 139 Ala. 125; *Vaughan v. The State,* 130 Ala. 18. The 12th assignment should be sustained on the authorities cited to the 7th and 8th assignments. The court erred as to the 13th assignment.— *Cartlage v. The State,* 132 Ala. 18. It was the duty of Lawley to record his mortgage and his failure to do so rendered it void.—Sec. 3394, Code 1907. The 15th assignment should be sustained.—5 Mayf. 391 and 407. A general objection to a question should be overruled unless the question is palpably bad.—*Montgomery v. The State,* 160 Ala. 7; *Nevers L. Co. v. Fields,* 151 Ala. 367. The objection sustained in assignment 18 was such a character. The court erred in admitting the retention title notes.—*Diamond R. Co. v. 4th Nat. Bank,* 55 South. 100. All charges must be predicated upon the evidence, and not a part of the evidence.—*Forbes P. Co. v. Reynolds,* 56 South. 270; *Welch v. The State,* 156 Ala. 112. Charges should not single out particular phases of the evidence, or give undue prominence to the same. —*B. R. L. & P. Co. v. Lee,* 153 Ala. 386; *L. & N. v. Price,* 159 Ala. 213. Charges should not assume as true facts in dispute.—*Ga. Ry. Co. v. Hyatt,* 151 Ala. 355; *Wes. S. C. & F. Co. v. Cunningham,* 158 Ala. 369. On these authorities it must be held that the oral charge of the court excepted to was erroneous. The charge set out in the 25th assignment of error should have been given.—Section 3386, Code 1907; *Williams v. White,* 51 South. 559. The charge set out in the 28th assignment of error should have been given.—*Callahan v. Monroe,* 56 Ala. 303; *Whitfield v. Riddle,* 78 Ala. 100. The court erred in giving the defendant the charge made the basis of the 29th assignment of error.—*Forbes P. Co. v. Reynolds, supra.*

LAVENDER & THOMPSON, for appellee. Counsel discuss the 3rd, 4th and 5th assignments, and insist that they were without injury; also the 7th and 12th assignments, and insist that they are without injury.— *Bealle v. Johnson,* 140 Ala. 339. It was competent to show the declaration of the person in the possession of the engine that he had sold it and then rented it back. —*Baucum v. George,* 65 Ala. 259; *Beasley v. Clark,* 102 Ala. 254; *Baker v. Drake,* 148 Ala. 573. Counsel discuss the 13th, 14th, 15th, 16th, 17th and 18th assignments of error, and insist that they cannot be sustained. They discuss errors based on the oral charge of the court, and insist that no error was committed.—*Smith v. The State,* 145 Ala.; *Forbes P. Co. v. Reynolds,* 56 South. 270. As to the action of the court in refusing motion for new trial, they cite.—*Cobb v. Malone,* 92 Ala. 630; *Wells v. Gallagher,* 144 Ala. 363; *Lyon v. McGowan,* 156 Ala. 462.

DE GRAFFENRIED, J.—1. One J. H. Thomas, a sawmill man, had a sawmill at Active, in Bibb county, which he operated by means of an engine upon which he gave, in August, 1909, a mortgage to the Bibb County Banking & Trust Company to secure the payment of a certain note. When the note fell due, it was not paid, and the property described in the mortgage was sold under the power of sale contained in the mortgage, and the appellants purchased the engine at said sale.

Of course, as purchasers at said mortgage sale, the appellants acquired the same title to the engine which belonged to the Bibb County Banking & Trust Company, no more and no less.

When the Bibb County Banking & Trust Company took from Thomas the mortgage to which we have above referred, that company did not know that Thomas was

in possession of the engine, except from what he told them. The evidence shows that the bank did not even know whether the engine, if in Thomas' possession, was in Bibb or Chilton county. The bank, in taking the mortgage, simply relied upon the statement of Thomas that he owned such an engine and was in the possession of it. The bank, therefore, when it took the mortgage, was not in such a position as to be able to claim that (as between it and R. J. Lawley, to whom some of the evidence tends to show Thomas sold the engine prior to the execution of the mortgage), the sale to Lawley was invalid because Thomas was left by Lawley in possession of the engine. It is our understanding that as between the *vendor* and the *vendee* a contract of sale, when complete in all its parts, is valid, although the vendor may be left in possession of the property. Such a sale *may* or may *not* be valid as to the creditors of the vendor existing at the time of the sale according to the circumstances of each particular case.

As to the *existing* creditors of the vendor, the retention of possession of the property by the vendor is a *badge* of fraud. Unexplained, such retention of possession is prima facie evidence of fraud as to such creditors; but if the retention of possession is, in such a case, consistent with good faith and the absolute disposition of the property, such sale is valid as to existing creditors.—*Millard's Adm'rs v. Hall,* 24 Ala. 209.

In the present case it is not claimed that the sale to Lawley, if in fact made in the spring of 1909, was fraudulent as to the Bibb County Banking & Trust Company. That position was not assumed by counsel for appellants on the trial in the court below, and no such argument is advanced upon this appeal. There was an insistence that there was no such sale; that the defense thus sought to be interposed was an *after-*

*thought.* But there was no insistence in the court below—and none is made here—that the sale, *if made,* was fraudulent and void as to appellants.

The evidence shows, without dispute, that Thomas was in possession of the engine during all of the year 1909. The rule is familiar that the declarations of a party in possession of either real or personal property tending to explain the character or extent of such possession are ordinarily admissible as part of the res gestæ of his possession. "The declarations of persons in possession of property, whether real or personal, serving to characterize or limit the nature of the possession, are admissible in evidence as a part of the res gestæ of the possession."—9 A. & E. Ency. Law, p. 12; *Nelson v. Iverson,* 24 Ala. 9, 60 Am. Dec. 442.

The declarations of Thomas, who was confessedly in possession of the engine, that he had sold the engine to Lawley, and that he was renting the engine from Lawley, made in the spring of 1909, before he executed the mortgage to the bank, were clearly admissible.

During the progress of the trial a witness, Jack Collins, was asked whether Lawley bought the engine from Thomas in the spring of 1909. The court, against the objection of appellants, permitted the witness to answer the question, and the question was answered by the witness in the affirmative. There was nothing in the question or the answer of the witness indicating that the question did not call for a collective fact within the knowledge of the witness, and the court properly admitted the testimony. Subsequent to the admission of the above testimony, the witness, on cross-examination, testified that he did not know of his own knowledge that Lawley had bought the engine from Thomas; that all that he knew about it was that Thomas and Lawley told him. Said the witness, *"Mr. Thomas told me he*

*sold the engine to Mr. Lawley*; what I know is hearsay, just what they said (*J. H. Thomas told me* and what Mr. Lawley told me). *Mr. Thomas told me* and Mr. Lawley told me. Mr. Shaw (one of the appellants) was not present at any time when I was *told by Thomas* or Lawley that Thomas had sold the engine to Lawley." Thereupon, says bill of exceptions, the appellants moved to exclude all of the above-quoted testimony "upon the ground that the same is immaterial, irrelevant, and incompetent, and that neither one of the plaintiffs were present when such conversation or talk took place." The court refused this motion, and the action of the court in so doing is before us for review.

Whenever there is an objection to testimony as a *whole* and *any part* of such testimony is relevant and competent, the objection falls to the ground. The above italicized portions of the quoted testimony of the witness were, without considering the question as to whether those parts not italicized were or were not competent, clearly admissible as declarations of Thomas, the party in possession of the engine, made before the execution of the mortgage, explaining the character of his possession. For this reason, if for no other, the trial court cannot be put in error for overruling the motion of the appellants to exclude the testimony from the jury.

For the above reasons the appellants can take nothing on account of the eleventh, thirteenth, fourteenth, and twenty-first assignments of error.

4. When a question is asked which calls for testimony which a party to the cause thinks objectionable, he should, before the question is answered, interpose an objection to such question. If he fails to do so, and the answer of the witness is responsive to the question, the trial court will not be put in error by an appellate court for refusing to exclude the answer of the wit-

ness to such question. The rule and the reasons for it are too familiar to require the citation of authorities to sustain it. It is therefore evident that the fifteenth, sixteenth, and seventeenth assignments of error present nothing to us for review.

5. During the examination of a witness, Cleveland, the appellee, without objection on the part of appellants, asked the witness if he knew whether Thomas paid him a part of the money which Lawley paid Thomas for the engine. Replying to this question, the witness said, "He paid me $20 and he said that Mr. Lawley paid him $40." The appellants moved to exclude this answer of the witness upon the ground that it was not responsive to the question. The court overruled the motion, and the appellants reserved an exception. It is not, as we understand this record, necessary for us to consider the question as to whether the court was or was not in error in refusing to exclude the above answer of the witness. Immediately after the above ruling of the court, appellee was permitted, without objection from appellants, to ask other questions relative to this same matter, and the answers of the witness to these questions cured the error, if in fact one was made.

6. During the progress of the trial it developed that the engine in question was bought by Thomas, who was the common source of title of both appellee and appellants, from M. Sable & Sons; that Thomas paid only a part of the purchase price of the engine in cash and gave Sable & Sons two notes, in which Sable & Sons reserved the title to the engine in themselves until the notes were fully paid, for the balance of the purchase money; that in the spring of 1909 Lawley bought these notes from Sable & Sons and held them assigned to him; and that Lawley died in the summer of 1909, leaving as his heirs some children, all of whom were of age.

There was evidence from which the jury were author-
ized to infer that when Lawley became the owner of
the notes he saw Thomas, and that Thomas sold Law-
ley the engine in satisfaction or discharge of said notes
and the further sum of $40 in cash. The evidence for
appellee further tended to show that when Lawley died
one of his sons found the Sable notes among Lawley's
papers; that no administration was ever had upon the
estate of Lawley; and that, after his death, his heirs,
all being of age, sold the engine to appellee and divided
the purchase money among themselves. While the pur-
chase-money notes—the Sable notes—were never re-
corded in Bibb county, it seems to us that these
notes were, as to the issues upon which this
case was tried, relevant and competent testimo-
ny. The fact that they were uncanceled in posses-
sion of Lawley at the time of his death did have
a tendency—unexplained—to show that they were,
at the time of his death, living, subsisting obliga-
tions of Thomas; but the fact that Lawley owned them
at or about the time it is claimed Thomas sold him the
engine also had a tendency to show that Thomas *actual-
ly owed him*, as claimed by the appellee, a sum of money
at the time of the alleged purchase of the engine, and
tended therefore to uphold the theory of appellee that,
in the spring of 1909, Lawley bought the engine from
Thomas, the consideration of the purchase being in part
the satisfaction of a debt and the balance in cash. As
the Sable notes were not recorded in Bibb county as
required by law, they did not, under the evidence, fur-
nish the appellee, if he had claimed the engine by *virtue*
of the notes, a defense against the recorded mortgage
through which the appellants claimed the property;
but, as there was some evidence tending to show that
Thomas was in fact indebted to Lawley at the time of

the alleged purchase by Lawley from Thomas, they were admissible, and their probative force on that subject and on the question as to whether the indebtedness which they represented in fact formed a part of the consideration of the sale of the engine by Thomas to Lawley, if a sale was made, were questions for the jury. This matter was plainly, and we think correctly, put to the jury by the trial judge in his oral charge to the jury. On that subject the trial judge said: "If Sable & Sons had a lien on this property and transferred it to Lawley, and if Lawley, before August 10, 1909, bought this property from Thomas in payment of these notes and $40 additional, or anything else that is fair and valuable of him, bought it from Thomas, then the property became his, and Thomas could not mortgage the property which belonged to some one else, * * * Did he (Lawley) make a trade with Thomas for a given amount before August 10, 1909? If he did, then it belonged to Lawley, and not to Thomas, and the mortgage to the bank from Thomas after he had sold it to Mr. Lawley would carry no title."

The above considerations dispose of the twentieth, twenty-fourth, twenty-fifth, twenty-seventh, twenty-eighth, twenty-ninth, and thirtieth assignments of error adversely to appellants.

The mortgage through which appellants claimed title to the engine was, as above stated, executed on the 10th day of August, 1909. This mortgage recites that the mortgage is in renewal of another mortgage given on the property conveyed on August 12, 1908, and that the prior mortgage "is not paid till this one is paid in full," The mortgage referred to as having been given on August 12, 1909, if one existed, was not introduced in evidence, and if it had any existence there is nothing to show that it was ever recorded, or that Lawley ever

had any knowledge of its existence. Lawley, if he bought the property, bought it prior to the execution of the mortgage on August 10, 1909, *which* was introduced in evidence. It is therefore evident that any recitals in the mortgage which was introduced in evidence could not, by any possibility, have affected Lawley's purchase of the engine, if he did buy it, and it is therefore evident that the trial court was free from error in refusing to give to the jury the written charge requested by appellants which is made the basis of the twenty-sixth assignment of error.

8. When an exception is reserved to a part of the oral charge of a trial court, an appellate court will read the part of the charge excepted to with the other parts of the oral charge, and if the part excepted to, read in connection with the remainder of the charge, correctly states the law as applied to the evidence in the case, then, even though the part excepted to may appear to be technically inaccurate, the exception fails. The bill of exceptions contains the whole of the oral charge of the court, and, read as a whole, it correctly states the law as applied to the evidence as set out in the bill of exceptions, and the exceptions reserved by appellants to portions of the oral charge were not well taken. It is also evident, from what we have above said, that we are of opinion that the court properly gave to the jury the two written charges which the bill of exceptions shows were given to the jury at the request of appellee.

9. We have above considered all of the assignments of error which appear to merit attention. There were some exceptions reserved to the rulings of the trial court as to the admission of evidence on the subject of the value of the use or hire of the engine, which we have not considered because, as there was a verdict for the appellee, the evidence admitted or excluded was of no value to appellants.

[Smith v. Shadix.]

Neither are we of the opinion that, under the issues submitted to the jury, the appellants can complain because the trial court refused to allow them, by as full measure of proof as they desired, to show that the engine sued for was personalty and not a fixture to real estate. The property was treated, through the entire trial, as personalty, and the trial judge, in submitting the case to the jury, stated explicitly to them that the appellee had no right of recovery unless the jury were reasonably satisfied from the evidence that Lawley *bought* the engine from Thomas prior to August, 1909, paying therefor a good and valuable consideration, and that Lawley and *not* Thomas was the owner of the engine on the day the mortgage was executed.

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.