# Murphy v. Pipkin, *et al.*

*Bill to Set Aside Conveyance as Fraud on Creditor.*

(Decided December 17, 1914. 67 South. 675.)

1. *Courts; Jurisdiction; United States Court; Amount.*—When the act was passed raising the jurisdictional amount in the circuit court of the United States from $500 to $2,000, suits then pending were expressly exempted from the operation of the statute (24 U. S. Stat. 555, and 25 U. S. Stat. 426).

2. *Witnesses; Impeachment; Inconsistent Statements.*—Where a witness's attention was called to certain discrepancies and he was given an opportunity to explain, it was competent to introduce his depositions, taken in another action, pending in another court be-

tween different parties on different issues for the purposes of impeaching such witnesses, where such depositions contained statements inconsistent with his then testimony.

3. *Deposition; Use as Evidence; Other Suits.*—Where the grantor's fraud might have been inferred from his having retained possession of the land, the pending suit being to set aside conveyance as fraudulent, his deposition taken in another suit on different issues, between different parties is admissible as being relevant to the facts of the conveyance.

4. *Trial; Reception of Evidence; Inadmissible in Part.*—Where depositions taken in another suit, although otherwise inadmissible, were attached to deeds and transfers, under which the complainant judgment creditor in a bill to set aside a fraudulent conveyance became the holder of the judgment by assignment, the identity of such deeds, etc., being verified by officers of the court who had executed them, and who had been entrusted with them in the previous suit in which the depositions were taken, were admissible in evidence for the purpose of bringing with them the deeds and transfers, but not to be considered themselves.

5. *Fraudulent Conveyance; Deeds; Recited Consideration.*—Where a deed is attacked as fraudulent, the recital of consideration is a mere declaration, and not evidence against the creditors of the grantor.

6. *Same; Burden of Proof.*—Where a deed is attacked as fraudulent against creditors, the burden of proof that there was a valuable consideration for the transfer rests on the grantee.

7. *Same; Parent to Child; Evidence.*—Where the alleged fraudulent conveyance was from parent to child, the evidence of the consideration paid in good faith must be clear and convincing if the conveyance is to stand against creditors.

8. *Evidence; Presumptions; Official Acts.*—In a bill by judgment creditor to set aside a conveyance as fraudulent, where complainant held the judgment by assignment, and sought to prove his ownership by the depositions of officials of a foreign court as to their official acts in transferring the judgment to him, the presumptions of regularity of official acts served to establish the complainant's ownership of the judgment for the purposes of the suit.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Jere Murphy against J. W. Pipkin and others, to annul a conveyance as a fraud on creditors. Decree dismissing the bill, and plaintiff appeals. Reversed and remanded with directions.

S. S. PLEASANTS, JERE MURPHY and E. W. GODBEY, for appellant.

CALLAHAN & HARRIS, for appellee.

SAYRE, J.—This bill was filed by appellant to vacate a conveyance of real estate, made by the defendant J. H. Dutton to the defendants J. W. Pipkin and his wife, Luella Pipkin, as having been made upon a simulated consideration, and so in fraud of complainant's rights as a creditor. Complainant claimed as assignee of a judgment rendered by the Circuit Court of the United States for the Northern Division of the Northern District of Alabama on December 3, 1889, in favor of C. Aultman & Co. against the defendant Dutton for the sum of $1,530.88, and duly recorded for a lien in the county in which the land was situated in pursuance of the statute of this state.—Code, §§ 4156, 4157. Pending the cause, defendant Dutton died, and there was a revivor against J. W. Pipkin as his administrator.

(1) Denying relief and dismissing complainant's bill, the chancellor was of opinion that the judgment of the federal court was without the jurisdiction of that court, null, and void, for the reason that the amount involved "was less than two thousand dollars, the jurisdictional amount fixed by Acts of Congress of March 3, 1887, and August 13; 1888, said judgment having been rendered after the passage of said acts, which made no exceptions as to pending suits." In this the chancellor fell into error, induced, probably, as counsel for appellant suggests, by the chancellor's examination of the Compiled Statutes, where no saving appears in favor of pending suits. It appears in evidence that the suit in which the judgment was rendered was brought in 1885, and an examination of the act in the official edition of the United States Statutes at Large shows that those acts, which limited the jurisdiction of the federal

courts, so far as concerned amount involved, to cases where the matter in dispute, exclusive of interest and costs, exceeded the sum or value of $2,000, instead of $500 as previously, there is an express proviso saving suits commencing before their passage.—Act Cong. March 3, 1887, c. 373, § 6, 24 Stat. 555; Act. Cong. Aug. 13, 1888, c. 866, § 6, 25 Stat. 437.

(2-4) The chancellor was further of opinion that complainant had failed by proper and sufficient evidence to show that he was the owner of the judgment, even if it were valid, stating as his reason for this conclusion that complainant attempted to show his ownership by a line of transfers, the proof of which was undertaken by noting in evidence depositions, containing numerous exhibits, taken in another court, the Morgan county law and equity court, in another cause wherein the Pipkins were not parties and where the issues were not the same as in this cause, and, as to defendants Pipkin, the chancellor concluded that the depositions were incompetent as res inter alios acta. The deposition of defendant Pipkin, taken in the other court, was admissible as containing some statements inconsistent with his testimony taken in the present case; his attention having been called to the discrepancies and an opportunity afforded him of explaining them. The deposition of Dutton, the grantor, taken in the other court, was certainly relevant, for it concerned this transaction. It was also competent on the ground that there was evidence that the grantor then remained in possession after the sale as if he were the owner, and from this circumstance a fraudulent combination may have been inferred.—*Goodgame v. Cole,* 12 Ala. 77; *Byrd v. Jones,* 84 Ala. 336, 4 South. 375. It was perhaps admissible on other grounds also.—*Humes v. O'Bryan,* 74 Ala. 64. As for the rest, the depositions were intro-

duced, as we understand, in order to get before the court the several exhibits attached, and to that extent the procedure involved no reversible error. The depositions themselves will be ignored in the consideration of the decree to be rendered. These exhibits were the several deeds and transfers under which complainant claimed in the present case. The execution of such instruments was properly proved, as for any objection taken against them, by the depositions of witnesses taken in this cause; and the identity of such instruments with the muniments of title upon which complainant here relied was proved by the deposition of E. W. Godbey, Esq., who at one time had had them in his keeping for use in the Morgan county law and equity court, and by the deposition of A. S. Blackwell, clerk of that court, in whose custody they had remained since the trial in that court. We think therefore that this reason for dismissing complainant's bill cannot be sustained.

(5-7) This brings us to the evidence. It is well settled that the burden of proving that the deed was not a voluntary conveyance is cast by law upon the appellees, and that the recital of a consideration in the deed is the mere declaration of the grantor, and is not evidence against the creditor. The sufficiency of the proof of consideration must depend on the relations between the parties, the circumstances surrounding them at the time, and their conduct subsequent to the transaction. The vendees were the daughter and son-in-law of the vendor. Transactions between parent and child are jealously watched in a court of equity, even when the controversy arises between them, and, when the rights of creditors are involved, fuller proof must be given of an adequate and valuable consideration, and of the good faith of grantee or vendee, than would

be required of a stranger. This is substantially the language of *Hubbard v. Allen*, 59 Ala. 283. The case for the creditor is even more strongly stated in *Harrell v. Mitchell*, 61 Ala. 270, where the court, in circumstances closely analogous to those shown by the case in hand, held that, in the absence of clear and convincing evidence of an adequate, valuable consideration, the right and equity of the creditor should prevail. But every case must stand on the bottom of its own facts, and so we have examined the evidence offered by the grantees in this case, without preconceived suspicion of its veracity, allowing to it such credit as the undisputed situation of the parties and other inherent considerations seem to justify. It would serve no purpose to discuss the evidence at length. It has left upon our minds, as the sum of its effect, a very strong impression, far deeper than any mere suspicion, that the moving cause and sole consideration of the transaction was the purpose to put the property beyond the reach of complainant, who was at the time in pursuit of it. No other satisfactory explanation is proved as to why, in the then circumstances of the parties, grantor should have desired to divest himself of the title, or why grantees should have wished so to invest the alleged purchase price. Grantor had need of his property, and afterwards remained in possession substantially as he had been before. Grantees had been accustomed to make careful use of such means as they had, but here they are supposed to have invested a large proportion of their laborious saving in a property which yielded them, at best, almost no return. And, besides, the testimony as to the ability of defendant vendees to purchase and grantors disposition of the purchase price is not at all satisfactory.—*Marrell v. Mitchell, supra.* In short, appellees have failed to sustain their case by that meas-

ure of proof which the reason and authority of the adjudicated cases require of parties in their situation. The decree below must be reversed.

Reversed and remanded to the court below, where a decree will be made in accordance with this opinion.

ANDERSON, C. J., and MCCLELLAN and DE GRAFFENRIED, JJ., concur.

### ON REHEARING.

SAYRE, J.—On application for rehearing, appellees have addressed their argument, that appellant has not shown his ownership of the judgment, to this point specifically: That the conveyances purporting to have been executed by Hiram Doll, special master commissioner under appointment by the court of common pleas of the county of Stark, and state of Ohio, and by J. J. Sullivan, trustee in bankruptcy of the Aultman Company, under authority of the District Court of the United States for the Northern District of Ohio, Eastern Division, are not shown to have been executed by competent authority, and that the only competent evidence of such authority would be the duly authenticated records of those courts showing their action in the premises. This point was not noticed in the original opinion for the reason that it was not made. It is, however, necessarily involved in any proper disposition of the cause, and our consideration concerning it will now be stated.

(8) In paragraph 4 of the bill, it is averred that the judgment had been duly and legally transferred to complainant and is his property. The defense, as to this question, was content to rest upon a general denial of the averments of the paragraph. As we have stated in

the original opinion, the execution of the several trans-
fers under which complainant claimed ownership of
the judgment was proved by the depositions of witnesses
taken in this cause; the transfers now in question being
established by the deposition of the grantor or trans-
ferrors in each case. But since these transfer-
rors were acting in the capacity of agents of the
courts, not as private individuals, it is necessary that
it be made to appear, not only that the documents were
genuinely executed by the persons named, but that
these persons thus claiming to act officially were in
fact the lawful officials they claimed to be, and the pre-
cise point now taken in favor of the decree rendered
by the chancellor is that this could be shown only by
the records of the court showing their authority. These
persons purporting to act under the appointment of
foreign courts, it may be conceded that the court does
not take judicial notice of their authority. The rec-
ords would be conclusive, of course, but it does not
follow that the production of the record or a certified
copy is indispensable. These transferrors deposed that
they sustained at the time of the execution of the sev-
eral transfers the several characters—officers of court·
—in which they assumed to act. They could not so
prove their incumbency in suits against themselves, nor
in a direct proceeding to try their right or title to act
as such officials; but where the question of official ca-
pacity arises, as in the case here, collaterally—there
seems to be no better term by which to describe the
relation between the issue raised as to official capacity
and the question of ownership here propounded—the
usual and ordinary mode of proof, when the act of
an officer has to be proved, is the mode adopted by
complainant in this case.—*Kennedy v. Dear,* 6 Port.
90; *East v. Pace,* 57 Ala. 521; *Potter v. Luther,* 3 Johns.

(N. Y.) 431; *Rex v. Howard,* 1 Moo. & Rob. 187; *Bunbury v. Matthews,* 1 C. & K. 380.

"It is a general presumption of law that a person acting in a public capacity is duly authorized to do so."—*Rex v. Verelst,* 3 Cawp. 432.

In note 2 to section 2168 of Wigmore on Evidence may be found cited numerous cases supporting this doctrine. So we hold that the proof in this case, standing without contradiction on this point, was prima facie sufficient. to authorize and require a finding that the transfers in question were duly executed. by competent authority. Hence our conclusion to deny the rehearing.

Rehearing denied.