(130 So. 680)

## McCARTY v. ROBINSON et al.
### 8 Div. 114.

Supreme Court of Alabama.
Oct. 23, 1930.

Rehearing Denied Nov. 20, 1930.

E. W. Godbey, of Decatur, for appellant.

Mitchell & Hughston, of Florence, for appellee First Nat. Bank of Florence.

Fred Wall, of Athens, for appellee Union & Planters' Bank & Trust Co.

ANDERSON, C. J.

This is a creditor's bill filed by the appellant against divers respondents, but the main question or issues involved related to the validity of the claim or title of the Florence Bank to certain lands, and the claim or title of the Memphis or Union Bank to certain lands, separate and distinct from the lands claimed by the Florence Bank, and the acquirement of same was by a separate and distinct transaction.

■ It seems well settled that, in an action by a creditor to subject property fraudulently conveyed to the payment of his claim, different grantees, holding under separate and distinct fraudulent conveyances from the debtor, may be joined in one action as defendants. Moore on Fraudulent Conveyance, p. 823, § 67, and cases cited in note 86. But we will treat the actions or respective claims or titles separately.

The Florence Bank claims under mortgage given to secure the purchase money for the land involved.

It seems that the land was owned by Warten and was mortgaged by him and his wife to the said Florence Bank. The bank became the owner at foreclosure sale under the mortgage and subsequently sold it to Robinson for approximately the amount due, receiving in cash $5,500 and taking notes and a mortgage for the balance of the purchase money, amounting to $28,000. The bank subsequently foreclosed said last mortgage, default having been made in the payment of same.

An effort is made by the prayer of the bill to make the Florence Bank account for or return the cash payment of $5,500, upon the theory that Robinson used funds to make same which was subject to the claim of his creditors, but the record acquits the bank of any guilty knowledge or fraudulent participation on its part, if such was Robinson's purpose, which we do not decide.

■ We do not think that the collection of interest from Robinson after default in the payments could vitiate or affect the validity of the mortgage; and the cases cited, Murphy v. Pipkin, 191 Ala. 111, 67 So. 675, and Shaw v. Cleveland, 5 Ala. App. 333, 59 So. 534, 535, do not so hold and are not pertinent.

■ We do not think that the failure of the bank to foreclose its mortgage promptly after default amounted to a forbidden benefit or reservation that would destroy the validity of the mortgage. The cases supra do not so hold.

■ The failure to promptly record the mortgage, under the circumstances, was no such concealment of the facts as to amount to a badge of fraud. Robinson, the purchaser, was in possession of the land, the deed under which he held was recorded and recited the existence of the mortgage and that it was to secure the balance of the purchase money. The recording of the mortgage could have served no purpose as to notice, and would have only entailed a record and tax charge.

The case of Dickson v. McLarney, 97 Ala. 383, 12 So. 398, involved a transaction between mother and son, and there the court held that the failure to record was not of itself evidence of a vicious intent, and, where it is consistent with good intention, the law will attribute no bad motive.

■ The fact that the deed failed to recite a transfer of the Warten note to Robinson was of no moment. This could have been of no prejudice to Robinson's creditors; but was in a sense a benefit.

■ As to the case attempted to be made against the Memphis or Union Bank, the respondent Robinson never owned the property involved. It was owned by Warten, was mortgaged to third persons, the mortgage was foreclosed, and the property was purchased by Hightower, from whom the Memphis Bank acquired its title, whether it be called a purchase or redemption. Therefore, the only theory upon which the complainant has any shadow of a claim upon same is that the said Memphis Bank was a mere tool of Robinson, purchasing the property from Hightower for his benefit and with his funds, taking the title in its own name for the purpose of concealing Robinson's ownership. As to this the proof utterly fails, as the evidence shows that the purchase was made by the bank with its own funds, and, such being the case, even if done at the request of Robinson and for his benefit, it would certainly be protected as to the extent of the sum paid Hightower, until reimbursed by Robinson, and as to

which no creditor of Robinson can complain. There has been an intimation that the bank agreed to let Robinson have the property if it was reimbursed, but this was not such a secret benefit as would injure Robinson's creditors, or operate to vitiate a conveyance to which Robinson was not a party. He was not the grantor, never had or owned any interest in the property, and could not be concerned as to same, except perhaps upon the remote theory that, being a partner of Warten and liable for the firm debts, Warten's property was subject thereto, and Warten should not dispose of his property so as to defraud the firm creditors, and notwithstanding Warten has been adjudicated a bankrupt and was not a partner to the complainant's judgment.

Suggestion has been made as to the fictitiousness of a part of the consideration of the mortgage under which Hightower purchased, but the proof has utterly failed to establish this fact. Moreover, there is nothing to charge Hightower with the fact that the mortgage was not bona fide when he purchased the land, and the Memphis Bank stands in his shoes.

There has been a labored effort to show that Robinson was in possession of the property, through one Ford, and was therefore the real owner of same. It seems that Ford was in charge of all the lands in the Memphis Bank's claim, as well as that of the Florence Bank, and this fact has no doubt created some confusion as to rents and taxes, as Robinson had the right to the possession and income of the Florence Bank's property until it intercepted this right. On the other hand, if the Memphis Bank purchased this property from Hightower with its own funds, and which was the case, it had the right to let Robinson or any one else have the use of same without prejudice to this complainant.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.