(134 So. 796)

## NORTH BIRMINGHAM AMERICAN BANK et al. v. REALTY MORTGAGE CO.

6 Div. 902.

Supreme Court of Alabama.

May 14, 1931.

Murphy, Hanna, Woodall & Lindbergh and Harsh & Harsh, all of Birmingham, for appellants.

A. Leo Oberdorfer, of Birmingham, for appellee.

**ANDERSON, C. J.**

The bill of complaint, before and after amendment, is not a general creditor's bill and merely seeks to set aside a conveyance from Watford, the debtor, to his wife as voluntary and subordinate to the complainant's claim, and it seems that such a bill is permissible. Tissier v. Wailes (Ala. Sup.) 39 So. 924; Eaton v. Patterson & Hinchman, 2 Stew. & P. 9. And the creditor first filing the bill and obtaining process acquires the prior lien, which would prevail against creditors subsequently coming in. Mathews v. Mobile Mutual Ins. Co., 75 Ala. 85. This applies, of course, as to other creditors without a lien, and does not displace liens existing and which would be prior to the lien of complainant. The fact that the North Birmingham American Bank intervened, and subsequently withdrew, did not necessarily convert the bill of complainant into a general creditor's bill, but, even if it were such, it was available only to those who desired to become parties complainant.

The amendment simply brought the North Birmingham American Bank in, because of the acquirement of a mortgage on the property involved, during the lis pendens, and to have the complainant's claim declared prior thereto. This was in no sense a departure, nor did it render the bill multifarious. It related to the same property and simply sought to subject the same to complainant's demand. Moreover, it seems well settled that, in an action by a creditor to subject property fraudulently conveyed to different grantees, holding under separate and distinct fraudulent conveyances, may be joined in one action as defendants. McCarty v. Robinson, 222 Ala. 55, 130 So. 680; Moore on Fraudulent Conveyances, p. 823, § 67, and cases in note 86.

The bill, before amendment, contained equity, and while the mortgage from the grantee, Mrs. Watford, was within the lis pendens and subject to the complainant's claim if established (Wise v. State, 208 Ala. 58, 93 So. 886), the complainant had the right to present the matter to the court and have the respective liens or claims to the same property adjusted, and this could be done by an amendment of the bill. Chancery Rule 45 provides: "New facts occurring since the filing of a bill may be introduced by way of amendment, without a supplemental bill." Durr v. Hanover National Bank, 170 Ala. 260, 53 So. 1012.

In the case of Bartee v. Matthews, 212 Ala. 667, 103 So. 874, a supplemental bill, rather than an amendment, was held proper because there had been a final decree. Here the amendment was made before final decree, in fact before the bill was answered.

In the case of Ark-Ala Lumber Co. v. Powell, 213 Ala. 591, 105 So. 588, there had been a final decree and a lien declared, and after this the complainant filed a supplemental bill to enforce the lien against a purchaser of the property. It is not to be understood that the court meant to hold that an amendment would not have been proper if made before answer and final decree.

The decree of the circuit court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.