the principal's property with knowledge that the agent intends to convert the proceeds to his own use—are not protected by the authority conferred on the agent." 21 R. C. L. p. 910, § 8S; Meachem on Agency (2d Ed.) § 1191. An agent of an insurance or bonding company with authority to contract for insurance or make bonds cannot issue a policy or bond to himself in such a manner as to bind the principal. Salene v. Queen City Fire Ins. Co., 59 Or. 297, 116 P. 1114, 35 L. R. A. (N. S.) 438, Ann. Cas. 1916D, 1276, and note; Clay v. Cummins, 201 Ala. 34, 77 So. 328; Spivy-Johnson Portrait Co. v. Belt Automobile Indemnity Ass'n, 210 Ala. 681, 99 So. 80.

■■ The facts negative a ratification by the fidelity company of the unauthorized act of Fendley. The appellee, however, suggests an estoppel against the bond company under section 2648 of the Code of 1923. This provision has no application to a denial of a legal execution of the bond. It says: "No corporation *having signed* any such bond or undertaking shall be permitted to deny its corporate power to execute such instrument, or incur such liability in any proceedings to enforce liability against it thereunder." (Italics supplied.)

This merely means that when the corporation signs the bond it is estopped from setting up that the power to do so, or the liability thereby incurred, was ultra vires the corporation, and not that the execution was illegal or unauthorized.

The trial court erred in rendering a judgment against the United States Fidelity & Guaranty Company, and one is here rendered discharging said company from liability. The judgment against Birl Brown, as administrator of the estate of Fendley, deceased, is affirmed, and appellee is taxed with the cost of this appeal.

Reversed and rendered in part, and affirmed in part.

THOMAS, BROWN, and KNIGHT, JJ., concur.

W. C. Rayburn, of Guntersville, for appellants.

Griffin & Ford, of Huntsville, and J. A. Lusk, of Guntersville, for appellees.

149 So. 687

**KUYKENDALL et al. v. TERRY et al.**

**8 Div. 496.**

Supreme Court of Alabama.

June 15, 1933.

Rehearing Denied Sept. 28, 1933.

228

GARDNER, Justice.

Complainants seek the enforcement of their judgment lien against defendant Kuykendall, and in aid thereof the setting aside of conveyances by said Kuykendall to his several codefendants of separate tracts of real estate.

The bill discloses that at the time of the execution of these several conveyances complainants were existing creditors of Kuykendall, and charges that these several transactions were voluntary and without consideration. Complainants established by their proof the existence of their debt at the time, and antedating these conveyances, and it is the well-settled rule that under these circumstances the burden shifted to the grantees in said conveyances to show they paid a valuable consideration for the property, and that it was adequate, Ledbetter v. Davenport Bros., 154 Ala. 336, 45 So. 467, 129 Am. St. Rep. 62; Bailey v. Levy, 115 Ala. 565, 22 So. 449; Yeend v. Weeks, 104 Ala. 331, 16 So. 165, 53 Am. St. Rep. 50, and the recital of a consideration in the deed is the mere declaration of the grantor, and is not evidence against the creditor, Murphy v. Pipkin, 191 Ala. 111, 67 So. 675.

Defendants offered no proof, and made no effort to overcome the prima facie case thus established by complainants.

There was therefore no error in the decree rendered, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

149 So. 663

**NEW YORK LIFE INS. CO. v. McJUNKIN.**

5 Div. 141.

Supreme Court of Alabama.

June 9, 1933.

Rehearing Denied Sept. 28, 1933.