155 So. 624

### FIRST NAT. BANK OF MONTGOMERY v. POWELL et al.

4 Div. 755.

Supreme Court of Alabama.

May 10, 1934.

Rehearing Denied June 28, 1934.

Simmons & Simmons, of Opp, for appellant.

A. G. Seay, of Troy, for appellees.

FOSTER, Justice.

The bill in this suit was filed by the holder of a judgment lien to enforce that lien on certain shares of bank stock of defendant in the judgment. The claim of lien was by virtue of section 7875, Code. Defendant in the judgment had died. No question

is raised as to the general equity of such a bill. Section 8935, Code; Erlenbach v. Cox, 206 Ala. 298, 89 So. 465; Griffith v. First National Bank, 221 Ala. 311, 128 So. 595; Johnston v. Bates, 209 Ala. 16, 95 So. 375; Ashley v. Thrasher, 226 Ala. 313, 146 So. 807.

It is to enforce that lien that equity has jurisdiction, both because the defendant is dead (Enslen v. Wheeler, 98 Ala. 200, 13 So. 473; Erlenbach v. Cox, supra) and because the statute expressly gives equity such jurisdiction, though the defendant may not be dead. Section 8935, Code.

The bill claims the existence of the lien to continue for ten years after the date of the judgment, by the registration of a certificate under section 7875, Code. The judgment was dated November 11, 1921, and filed for record November 18, 1921. The lien therefore expired by operation of law November 11, 1931. This suit was filed October 27, 1931. Demurrer was filed November 27, 1931, on which no action was taken. On July 26, 1933, complainant amended the bill, by alleging the facts more in detail, to which demurrer was refiled July 28, 1933. On August 1, 1933, respondents moved to dismiss the cause because the lien of the judgment under the statute was shown by the bill to have expired by lapse of time, and that the respondent L. C. Powell became the purchaser of the property from the administrator of the deceased judgment defendant, and that Powell's title superseded any equitable right acquired by complainant from filing his bill independent of section 7875, Code.

It was pointed out in our case of Mathews v. Mobile Mutual Ins. Co., 75 Ala. 85, that "the filing of the bill (to aid in the enforcement of an execution lien by vacating a fraudulent sale) is not the creation of a new or other lien; like a levy, it simply individualizes and renders the general lien (of the execution) specific as to the particular property, separating that property, in this respect, from other property covered by the general lien. * * * The filing of the bill (to reach assets not subject to execution), and the due issue and service of process, created a lien upon such assets as the bill sought to reach; it was said to be in the nature of an 'equitable levy.'" It was also pointed out that "the court, in this case, simply rendered aid in carrying into effect the judgment and execution at law. The lien of the creditor was acquired at law, and not through the instrumentality of the court of equity." Again it was said, "The court comes as an auxiliary, to give effect to, and render more available legal liens, not to displace them, nor to subvert the order of priority which the law has established."

A bill by a creditor with or without a lien to subject property fraudulently conveyed creates an equitable lien upon the service of process, subordinate to existing liens and property rights. North Birmingham Am. Bank v. Realty Mortgage Co., 223 Ala. 30, 134 So. 796; McCarty v. Robinson, 222 Ala. 55, 130 So. 680; Evans v. Welch, 63 Ala. 250.

The effect of the pendency of a suit in equity to enforce the statutory lien of a judgment, so as to give that relief after the time has expired when by statute the lien terminates as against those whose rights have intervened subsequent to the time when the lien began, has been often considered by courts and text-writers. The cases are in accord with what was quoted from Mathews v. Mobile Mutual Ins. Co., supra, and hold that as respects a subsequent lienor or purchaser whose rights accrued prior to filing the suit, and take superiority when the judgment lien shall terminate, the judgment lien is not continued by the fact that a suit was pending to enforce it when it expired by lapse of time. They recognize the principle that ordinarily plaintiff will succeed if at the time he sues he has a complete cause of action, and that if mere lapse of time can destroy plaintiff's cause of action, then it is in the power of defendant to create that result by prolonging the litigation; and that when plaintiff has taken steps to vindicate his right, he has done all that the law requires, and ought not to be turned out of court because of delay due to no fault of his. This was pointed out in McAfee v. Reynolds, 130 Ind. 33, 28 N. E. 423, 424, 18 L. R. A. 212, 30 Am. St. Rep. 194, where the opinion thus proceeds:

"As no court is above the law, and as all courts must enforce the law as it is written, it necessarily results that a lien created and limited by statute cannot be extended beyond the period fixed by the law-makers.

"A party may possess a right to have a lien declared and established, and yet have no right to a decree extending its life beyond the statutory period. It is this right which the appellee possessed when she began her suit, and not a right to have a new lien created, nor an existing one prolonged beyond the limit fixed by law. Courts cannot create a judgment lien on land, nor can they fix its duration, since that is the prerogative of the legislature. * * *

"We are satisfied that the trial court did not err in adjudging that the appellee had a right of action at the time her suit was commenced, but we cannot escape the conclusion

that it erred in holding that she was entitled to a decree ordering the land sold, and placing the lien above the title of the appellant. This was erroneous, for the reason that it assumed to give vitality to a lien which, by positive and inexorable law, was lifeless. The conclusions of law, and the decretal orders based on them, show that the trial court affirmed that the appellee had a right to have the land sold to discharge the statutory lien, and that the only right of the appellant was to the surplus remaining after the satisfaction of the judgment. The theory of the court that the lien could be prolonged directly or indirectly was erroneous, for, when the lien perished by operation of law, it could not be revivified, nor could a new lien be created."

This is well supported by the following authorities: Ruth v. Wells, 13 S. D. 482, 83 N. W. 568,.79 Am. St. Rep. 902; Newell v. Dart, 28 Minn. 248, 9 N. W. 732; Isaac v. Swift, 10 Cal. 71, 70 Am. Dec. 698; McGinnis v. Seibert, 37 Okl. 272, 134 P. 396; 2 Freeman on Judgments, §§ 1013, 1014, 1015; 34 C. J. 626.

But the termination of the lien does not always defeat substantial relief. For when the suit is to enforce the lien as to the judgment defendant, who still has the property, the filing of the bill will create a new equitable lien (called an "equitable levy"), and it is enforceable against him though pending the suit the judgment statutory lien may cease from lapse of time. This would also be true as against one purchasing pendente lite, with notice of the suit, and made a party to it, and against a fraudulent grantee who purchased before the suit was commenced, because complainant's rights secured by filing the bill take precedence against one with notice or in bad faith.

And, if defendant has only a lien, the judgment plaintiff, it has been held, may continue his suit after the termination of his statutory lien, pendente lite, to secure the value of what is left in excess of the defendant's lien. Davidson v. Burke, 143 Ill. 139, 32 N. E. 514, 36 Am. St. Rep. 367; Miller v. Sherry, 2 Wall. 237, 17 L. Ed. 827.

But when the defendant is a purchaser, ante litem motam, and is subordinate only to the statutory lien, his ownership is entire and complete when the lien ceases, and there is then nothing for the judgment plaintiff, there being no claim of fraud.

The bill alleges that the defendant L. C. Powell purchased the property from one to whom the judgment defendant had assigned it as collateral, and afterwards Powell also purchased it from the administrator of the judgment defendant, after his death.

After the statutory lien terminated, the judgment plaintiff had no right to subject the property either primarily or secondarily. Equity could give him, as against Powell, only that which the statute conferred. At the time when the suit was dismissed, there existed no such right.

The bill was dismissed without reversible error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.