**In re Windal Sherman SATTERFIELD, Debtor.**

**Pat NELSON, Trustee, Plaintiff,**

v.

**LOWERY BUILDING AND SUPPLY COMPANY, et al., Defendants.**

**Bankruptcy No. BK 86–01452. Adv. No. 88–0285.**

United States Bankruptcy Court, N.D. Alabama, W.D.

June 23, 1989.

Amended Order Sept. 1, 1989.

Marvin E. Franklin, Birmingham, Ala., for trustee.

Brent Thornley, Jasper, Ala., for Hartford Cas. Ins. Co.

James & Lowe, Haleyville, Ala., for Hammerblow Co.

Jackie O. Isom, Hamilton, Ala., for Uniroyal, Inc.

Fred Wood, Hamilton, Ala., for Peoples Bank & Trust Co. and Carl Decker.

Robert McKenzie, Florence, Ala., for First Nat. Bank of Tuscumbia, and Winston Industries.

Ben Johnson, Birmingham, Ala., First Security Bank of Utah.

Ron Davis, Tuscaloosa, Ala., for Schlumberger Technology.

Phil Laird, Jasper, Ala., for F.J.R. Oil & Gas, Inc.

## MEMORANDUM OF DECISION

### GEORGE S. WRIGHT, Chief Judge.

This matter came before the Court on the Trustee's Motion to Sell Property Free and Clear of Liens. After a trial and consideration of applicable law, it is the opinion of this Court that the Trustee's Motion is due to be GRANTED IN PART AND DENIED IN PART. This memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### FINDINGS OF FACT

On July 21, 1988, this Court entered an order allowing the Trustee to sell property[1] free and clear of liens with any *valid* liens to attach to the proceeds of the sale. Twelve lien claims have been asserted against the proceeds of the sale. The twelve potential lien claims are as follows:

| | Judgment Creditor | Amount | Type Lien Claim | Date Judgment Recorded | Recorded Marion County Probate Office Judgment Book, Page | Remarks |
|---|---|---|---|---|---|---|
| 1. | Lowery Building and Supply Company | 827.61 | Materialmen's Lien | 2/17/72 | B. 5, P. 184 | |
| 2. | Hammerblow Company | 5,096.00 | Judgment Lien | 10/30/73 | B. 5, P. 557 | |
| 3. | Peoples Bank and Trust Company | 4,900.00 | Judgment Lien | 3/20/80 | B. 7, P. 215 | |
| 4. | First National Bank of Tuscumbia AL | 95,712.75 | Judgment Lien | 8/8/80 | B. 7, P. 346 | |
| 5. | First Security Bank of Utah, N.A. | 66,973.60 | Judgment Lien | 7/1/81 | B. 7, P. 747 | |
| 6. | Carl H. Decker | 60,000.00 | Judgment Lien | 8/3/82 | B. 8, P. 502 | |
| 7. | Uniroyal, Inc. | 26,500.00 | Judgment Lien | 9/20/82 | B. 8, P. 571 | |
| 8. | Schlumberger Technology | 752,283.17 | Judgment Lien | 8/7/84 | B. 10, P. 327 | |
| 9. | F.J.R. Oil & Gas, Inc. | 274,430.17 | Judgment Lien | 6/11/85 | B. 11, P. 53 | In addition to the judgment amount is 20,582.25 interest and 27,443 attorneys fees. |
| 10. | Hartford Casualty Insurance Company | 20,000.00 | Judgment Lien | 10/30/86 | B. 12, P. 115 | |
| 11. | Carl H. Decker | 20,000.00 | Judgment Lien | 10/27/86 | B. 12, P. 122 | Judgment may be satisfied by a lump-sum payment of 10,000 within 1 year from entry of judgment |
| 12. | Winston Industries, Inc. | 95,000.00 | Judgment Lien | 4/18/73 | B. 5, P. 416 | |

This Court must now examine each lien individually and determine whether the lien is valid so as to attach to the proceeds of the sale.

---

**1.** See Title Opinion designated "Exhibit A" for a complete legal description of the real property in question.*

* [PUBLISHER'S NOTE: Exhibits were not submitted for publication.]

## CONCLUSIONS OF LAW

### 1. *LOWERY BUILDING AND SUP-PLY CO.*

■ The Trustee asserts that if the lien filed in favor of Lowery Building and Supply Co. is indeed a verified statement of materialman's lien in accordance with Alabama Code Section 35–11–213, Lowery has still failed to comply with Alabama Code Section 35–11–221. Section 35–11–221 provides:

Any action for the enforcement of the lien declared in this division must be commenced within six months after the maturity of the entire indebtedness secured thereby, except as otherwise provided in this division.

Lowery has failed to provide this Court with any evidence that suit was filed within six months after the maturity of the entire indebtedness. This Court must make its determination based on the evidence, or lack thereof, before it and must accordingly find that Lowery failed to comply with Section 35–11–221 and is therefore barred from asserting a valid materialman's lien claim against the proceeds of the sale.

### 2. *HAMMERBLOW COMPANY*

■ The Trustee asserts that the certificate of Judgment filed October 30, 1973 in favor of Hammerblow Company does not create a valid lien inasmuch as under Alabama Code Section 6–9–211, ten years have elapsed from the date of the judgment. Section 6–9–211 provides in pertinent part:

Every judgment, a certificate of which has been filed as provided in section 6–9–210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, and such lien shall continue for 10 years after the date of such judgment; provided that when an action or other proceeding to enforce or foreclose said lien is instituted or begun within said 10 years, but has not been completed, decided or determined within said 10–year period, and at the time said action or proceeding is instituted or begun, or lien claimed therein, a lis pendens notice thereof is filed in the office of the judge of probate of the county in which said property is situated, the lien provided for in this section shall continue as to the property upon which said lien is claimed in said action or proceeding and may be enforced or foreclosed in that action as if said 10–year period had not elapsed. (underlining for emphasis)

Hammerblow has failed to provide this Court with any evidence that its judgment has been revived and the certificate of judgment rerecorded. This being so, the Court finds that Hammerblow allowed its lien to expire on October 30, 1983 when it failed to revive its judgment and rerecord its certificate of judgment and is therefore barred from asserting a valid lien claim against the proceeds of the sale.

### 3. *PEOPLES BANK AND TRUST COMPANY*

■ The Trustee asserts that the judgment in favor of Peoples Bank and Trust fails to comply with Alabama Code Section 6–9–210. Section 6–9–210 provides:

The owner of any judgment entered in any court of this state or the United States held in this state may file in the office of the judge of probate of any county of this state a certificate of the clerk or register of the court by which the judgment was entered, which certificate shall show the style of the court which entered the judgment, the amount and date thereof, the amount of costs, the names of all parties thereto and the name of the plaintiff's attorney and shall be registered by the judge of probate in a book to be kept by him for that purpose, which said register shall also show the date of the filing of the judgment. Said judge shall make a proper index to said book, which shall also show under the proper letter or letters of the alphabet the names of each and every defendant to said judgment, and such judgments shall be recorded in chronological order of the filing of such judgments. Such certificate shall also show the address of each defendant or respondent, as shown in the court proceedings. (underlining for emphasis)

The Certificate of Judgment[2] in favor of Peoples Bank and Trust Company is lacking the address of the defendant. The question is whether this omission is fatal. *Ball v. Vogtner,* 362 So.2d 894, 896 (Ala. 1978) holds that, "to create a lien, the statutory requirements as to the contents of the certificate must be strictly observed". However, the Supreme Court of Alabama indicated in *Bank of Anniston v. Farmers & Merchants State Bank of Krum, Texas,* 507 So.2d 927 (Ala.1987) that all omissions are not fatal. In *Bank of Anniston* a notation on the certificate of judgment stating, "(Texas & Florida addresses) (also Anniston)", sufficiently complied with the address requirement of section 6–9–210. The *Bank of Anniston* case stated:

> We note, however, that the statutory requirements that the contents of the certificate of judgment be strictly observed must be viewed in relation to the purpose of that requirement. That purpose is to provide notice of the judgment to anyone searching title to the real property. 507 So.2d at 929.

Even in light of *Bank of Anniston,* the requirements of Section 6–9–210 must be met so as to provide notice of judgments to those searching title. See also *Reuf v. Fulks,* 219 Ala. 252, 122 So. 14 (1929). Section 6–9–210 clearly states that the address of the defendant must be included in the certificate of judgment. The case law strongly reaffirms this requirement. This Court has once before faced the issue of address omission on a certificate of judgment. *In re Langdon,* BK No. 77–2093 (N.D.Ala. Oct. 11, 1978), aff'd, CA78–H–1278–W (N.D.Ala. March 5, 1979). In affirming the *Langdon* opinion, Federal District Judge James H. Hancock interpreted the case of *Duncan v. Ashcraft,* 121 Ala. 552, 25 So. 735 (1899) and held that there must be "substantial compliance in every essential particular" and that an essential particular is the address of the judgment debtor as shown in the court proceeding. Judge Hancock further cites *Parker v. Mauldin,* 353 So.2d 1375 (Ala.1978) for the proposition that the address requirement of Section 6–9–210 has consistently been strictly observed by the Alabama Courts. Inasmuch as the address of the defendant has been *entirely omitted* in derogation of Section 6–9–210 and that substantial compliance in every particular has not been met, this Court must find that a valid lien claim cannot exist against the proceeds of the sale.

### 4. *FIRST NATIONAL BANK OF TUSCUMBIA*

The Trustee asserts that the Judgment in favor of First National Bank of Tuscumbia[3] does not create a valid lien due to the omission of the defendant's address on the Certificate of Judgment. The Certificate of Judgment does not contain the necessary address and therefore the Court, for the reasons set out in paragraph number three of this opinion, must find that First National Bank does not hold a valid lien claim against the proceeds of the sale.

### 5. *FIRST SECURITY BANK OF UTAH*[4]

The Trustee submits that the Judgment in favor of First Security Bank[5] does not create a valid lien inasmuch as the Certificate does not disclose (1) the address of each defendant nor (2) the costs of the proceeding. The Trustee is correct as to the omission of the aforementioned items, however, this Court finds that neither omission is fatal to the creation of a valid lien claim.

As to the omission of the *address* of *each* defendant, this Court again notes the Alabama Supreme Court's position that all omissions are not fatal and that the purpose of Section 6–9–210 is to give notice. The address that is present on the certificate does indeed give notice to persons

2. See Exhibit "C".

3. See Exhibit "D".

4. The certificate of judgment was filed in the name of First Security Bank of Utah, N.A. As

of the date of this opinion, Itel Rail Corporation is acting as agent and attorney-in-fact of First Security of Utah.

5. See Exhibit "E".

searching title. Inasmuch as notice is given so as to comply with *Bank of Anniston* this Court finds that the omission of *all* addresses does not bar the creation of a valid lien claim.

Further, this Court notes that the property is properly held in the names of Windal S. Satterfield and Marilyn Satterfield whose address, Route Two, Box 66, Detroit, Alabama 35552 is present and correct on the certificate of judgment. The inclusion of the names of Sheila Rowland, Sharon Satterfield and Bobby Max Satterfield (children of Windal and Marilyn Satterfield) on the certificate of judgment does not bar a valid lien claim by First Security, since even if the children's address was incorrect, the address that is present is the correct address of the true title holders—Windal and Marilyn Satterfield. Certainly, a certificate of judgment that contains the names and proper address of the true title holders, even though other names that are not true title holders appear on the certificate of judgment, would not confuse or mislead title searchers and the purpose of imparting notice as stated in *Bank of Anniston* is complied with.

■ As to the omission of the amount of *costs*, this Court agrees with Bankruptcy Judge Rodney R. Steele's opinion in *In re Norman*, 41 B.R. 1 (M.D.Ala.1983). In the *Norman* case Judge Steele held that the failure to include costs does not amount to a material omission. Judge Steele found the purpose of Section 6–9–210 to be that of imparting notice. A certificate of judgment that neglects to include costs is however entirely capable of imparting the necessary notice. Therefore, this Court finds that the lien of First Security of Utah is a valid lien claim against the proceeds of the sale.

### 6. *CARL H. DECKER*

The Trustee submits that the Judgment in favor of Carl H. Decker [6] does not create a valid lien claim inasmuch as the Certifi-

cate of Judgment does not contain the address of the defendant. The Certificate is indeed deficient as the Trustee claims and this Court must therefore find that since the Certificate does not conform with Section 6–9–210, Carl Decker does not hold a valid lien claim against the proceeds of the sale. *See paragraph three of this opinion.*

### 7. *UNIROYAL INC.*

The Trustee asserts that the Judgment in favor of Uniroyal Inc.[7] does not create a lien claim inasmuch as the Certificate of Judgment does not contain the address of the defendant. The Trustee is correct as to the lack of address and this Court reaffirms its holding in paragraph three of this opinion and finds that Uniroyal Inc. does not hold a valid lien claim against the proceeds of the sale.

### 8. *SCHLUMBERGER TECHNOLOGY*

The Trustee submits, via his brief and interrogatories, that the Judgment in favor of Schlumberger Technology [8] does not create a valid lien claim inasmuch as it does not contain the costs of the proceeding, the address of each defendant, nor has it been properly domesticated in Alabama.

As to the costs of the proceeding, this Court reiterates its finding stated in paragraph five of this opinion that the omission of costs is not fatal to the valid creation of a lien. As to the address of each defendant, this Court reaffirms its finding in paragraph three of this opinion. The *Bank of Anniston* case held that the address must give notice to someone searching title. The Trustee has admitted, even though the address given is a "last known address", that such address does indeed give notice to those searching title.[9]

■ The final question to be considered in regard to Schlumberger's lien is whether the Texas judgment has been domesticated so as to create a valid lien in Alabama.

---

6. See Exhibit "F".

7. See Exhibit "G".

8. See Exhibit "H".

9. See Plaintiff's Answers to Request for Admission at Paragraph 5.

Section 6–9–210 provides for the filing of judgments and states:

> The owner of any judgment <u>entered</u> in any court <u>of this state</u> or of the <u>United States held in this state</u> may file in the office of the judge of probate of any county of this state a certificate of the clerk ...
>
> Alabama Code Section 6–9–210 (1975) Underlining for emphasis.

Clearly the judgment in favor of Schlumberger was not entered in Alabama. The fact that the judgment was entered in Texas does not bar the filing of the judgment in Alabama but the *mere filing* of the Texas judgment does not create a lien. Alabama Code Section 6–9–211 states that, "[e]very judgment, a certificate of which has been filed *as provided in section 6–9–210*, shall be a lien..." The Texas judgment has not been filed as provided for in Section 6–9–210 and cannot constitute a valid lien claim. This Court notes that the proper procedure would have been to file suit in Alabama on the Texas judgment and then record, in accordance with Section 6–9–210, the judgment obtained in Alabama on the prior Texas judgment. "Foreign judgments are not liens and are not entitled to execution in the state to which they are brought." *Milwaukee County v. M.E. White Co.*, 296 U.S. 268, 276, 56 S.Ct. 229, 234, 80 L.Ed. 220 (1935).

### 9. *F.J.R. OIL AND GAS, INC.*

The Trustee asserts that the judgment in favor of F.J.R. Oil and Gas [10] does not create a valid lien claim inasmuch as the judgment is a foreign judgment not domesticated in Alabama and the judgment does not contain the address of the defendant or the cost of the proceeding. This Court has already fully addressed the issues of address omissions and costs omission in paragraphs three and five of this opinion. The complete omission of the defendants address is sufficient to bar the creation of a lien. Additionally, the judgment has not been properly domesticated in Alabama as

set out in paragraph eight of this opinion thus this Court must find that F.J.R. Oil and Gas does not hold a valid lien claim against the proceeds of the sale.

### 10. *HARTFORD CASUALTY INSURANCE CO.*

The judgment in favor of Hartford Casualty Insurance Co.[11] was rendered *post petition* on a dischargeability complaint filed by Hartford. Due to the judgment being a *post petition* claim, said claim does not attach to the proceeds of the sale.

### 11. *CARL H. DECKER*

The judgment in favor of Carl H. Decker [12] was rendered in this Court *post petition* on a dischargeability action filed by Carl H. Decker. Due to the judgment being a *post petition* claim, said claim does not attach to the proceeds of the sale.

### 12. *WINSTON INDUSTRIES*

The Trustee asserts that the judgment in favor of Winston Industries [13] does not create a valid lien claim inasmuch as the lien of Winston Industries expired on April 19, 1983. Winston counters the Trustee's position by asserting that Winston is the only creditor entitled to proceeds of the sale due to Winston's successful fraudulent conveyance suit against Windal S. Satterfield.

A brief chronological history of claims and litigation between Winston Industries and Windal Satterfield is helpful. Windal Satterfield and his wife, Marilyn Satterfield, conveyed their respective interest in forty acres of unimproved realty to their three children on July 26, 1972. On April 18, 1973 Winston Industries obtained a judgment against Mr. Satterfield for monies owed by Satterfield to Winston. Winston recorded its judgment on April 19, 1973 but did not revive its judgment or rerecord its certificate of judgment, thus allowing the lien of April 19, 1973 to expire

---

**10.** See Exhibit "I".

**11.** See Exhibit "J".

**12.** See Exhibit "K".

**13.** See Exhibit "B".

on April 19, 1983. On March 26, 1985 Winston was successful in setting aside the transfer to the children as a fraudulent conveyance. The following time line summarizes the above referenced events.

## TIME LINE [14]

| Fraud Convey | Winston obtains judgment on $ owed | Winston record $ judgment | Execution on Winston's $ judgment | Itel obtains judgment | Itel records judgment | Winston's judgment expired | Winston sets aside transfer | BK |
|---|---|---|---|---|---|---|---|---|
| 7-26-72 | 4-18-73 | 4-19-73 | 6-23-80 | 4-16-81 | 7-1-81 | 4-19-83 | 3-26-85 | 2-21-86 |

The question for this Court to answer is whether Winston, by successfully pursuing a fraudulent conveyance claim, is entitled to assert a lien claim against the proceeds of the sale even though the original lien held by Winston expired on April 19, 1983.

Clearly, Winston is a secured creditor between April 19, 1973 and April 19, 1983. However, as previously held by this Court, Winston lost their lien and secured status on April 19, 1983 when Winston failed to revive its judgment and rerecord its certificate of judgment.[15] As of the date Winston prevailed on the fraudulent conveyance claim and as of the date of the debtor filing his bankruptcy petition, Winston remained an unsecured creditor. Inasmuch as Winston was a diligent creditor and avoided the transfer of the 40 acres, Winston is entitled to prime or take preference over other *unsecured* creditors. See *First National Bank v. Powell*, 229 Ala. 178, 155 So. 624 (1934); *North Birmingham American Bank v. Realty Mortgage Co.*, 223 Ala. 30, 134 So. 796 (1931); *Mathews v. Mobile Mutual Insurance Co.*, 75 Ala. 85 (1883).

Winston asserts that its diligence should allow it to prime all creditors, secured or unsecured. As already noted Itel Corporation has a valid lien claim against the proceeds of the sale. Itel is a secured creditor. Although Winston, an unsecured creditor, exercised diligence and was accordingly given a preference over other creditors that preference extends only to other unsecured creditors. Winston's diligence does not allow it to prime a prior secured creditor.

## CONCLUSION AND ORDER OF PRIORITY

This Court on July 21, 1988 ordered that property of Windal S. Satterfield be sold free and clear of liens with any *valid* liens to attach to the proceeds of the sale. Twelve lien claims were asserted against the proceeds. Of the twelve lien claims only one is entitled to attach to the proceeds. The lien claim of Itel Corporation shall have priority among lien claimants inasmuch as Itel is the *only* secured lien claim to be asserted. Winston Industries shall have priority among all other unsecured lien claimants, due to its successful fraudulent conveyance suit, and shall receive proceeds from the sale, if any remain, upon the satisfaction of Itel's claim.

The memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. A separate order shall be entered in accordance with the foregoing.

DONE AND ORDERED.

14. The time line includes the judgment date and judgment recording date of Itel Corp. This inclusion is provided to aid in the analysis of Winston's rights as against Itel Corp.

15. See *Pat Nelson, Trustee v. Windal S. Satterfield*, No. BK. 86–1452, AP 87–0107 (Bkrtcy.N.D. Ala. March 10, 1988).

ORDER ON VALIDITY OF LIENS

This matter came before the Court on the Trustee's Complaint to Sell Property Free and Clear of Liens. This Court entered an Order on July 21, 1988 allowing the Trustee to sell the property free and clear of liens with any *valid* liens to attach to the proceeds of the sale. A hearing was held to determine the nature and validity of liens that might attach to the proceeds of the sale. The Trustee disputed the validity of each of the twelve possible lien claimants.

The following liens were set out in the Trustee's Complaint and were disputed by the Trustee:

| | Judgment Creditor | Amount | Type Lien Claim | Date Judgment Recorded |
|---|---|---|---|---|
| 1. | Lowery Building and Supply Company | 827.61 | Materialmen's Lien | 2/17/72 |
| 2. | Hammerblow Company | 5,096.00 | Judgment Lien | 10/30/73 |
| 3. | Peoples Bank and Trust Company | 4,900.00 | Judgment Lien | 3/20/80 |
| 4. | First National Bank of Tuscumbia AL | 95,712.75 | Judgment Lien | 8/8/80 |
| 5. | First Security Bank of Utah, N.A. | 66,973.60 | Judgment Lien | 7/1/81 |
| 6. | Carl H. Decker | 60,000.00 | Judgment Lien | 8/3/82 |
| 7. | Uniroyal, Inc. | 26,500.00 | Judgment Lien | 9/20/82 |
| 8. | Schlumberger Technology | 752,283.17 | Judgment Lien | 8/7/84 |
| 9. | F.J.R. Oil & Gas, Inc. | 274,430.17 | Judgment Lien | 6/11/85 |
| 10. | Hartford Casualty Insurance Company | 20,000.00 | Judgment Lien | 10/30/86 |
| 11. | Carl H. Decker | 20,000.00 | Judgment Lien | 10/27/86 |
| 12. | Winston Industries, Inc. | 95,000.00 | Judgment Lien | 4/18/73 |

After a trial and consideration of applicable law, it is, by the Court,

ORDERED, ADJUDGED AND DECREED:

(1) That lien claims 1, 2, 3, 4, 6, 7, 8, 9, 10, and 11 are not valid liens in accordance with Alabama law and shall not attach to the proceeds of the sale.

(2) That the lien claim of First Security Bank of Utah, N.A. [lien claim # 5] is a valid lien and shall attach to the proceeds of the sale.

(3) That the lien claim of Winston Industries, Inc. [lien claim # 12] is not a valid lien claim, however, due to the successful fraudulent conveyance suit brought by Winston against Windal Satterfield, Winston Industries shall be allowed a preference over lien claimants 1, 2, 3, 4, 6, 7, 8, 9, 10, and 11 and shall receive proceeds from the sale, if any remain, upon the satisfaction of Itel's claim.

DONE AND ORDERED.

AMENDED ORDER

This matter came before the Court upon a Motion by Winston Industries, Inc. to Amend Findings and Conclusions. Upon further consideration and research on issues not well briefed by the Movant, this court makes the following additional findings:

**562**

1. That Winston Industries commenced its fraudulent conveyance suit by filing its complaint on April 27, 1981.

2. That the original summons and complaint in the fraudulent conveyance suit was served on Windal S. Satterfield on April 27, 1981.

Therefore, it is, by the Court,

ORDERED, ADJUDGED AND DECREED:

1. That paragraph 1 of the June 23, 1989 Order shall remain unchanged and in full force and effect.

2. That paragraph 2 of the June 23, 1989 Order shall remain unchanged and in full force and effect.

3. That paragraph 3 of the June 23, 1989 Order shall be held inapplicable and void.

■ 4. That Winston Industries Inc. by filing the fraudulent conveyance suit and by serving the summons and complaint on Windal S. Satterfield acquired a lien on the property of Windal S. Satterfield, and said lien attached as of the date the complaint was filed and summons served—that date being April 27, 1981. See *Bishop v. McPherson,* 232 Ala. 594, 168 So. 675 (1936); *First National Bank of Montgomery v. Powell,* 229 Ala. 178, 155 So. 624 (1934); *Cortner v. Galyon,* 223 Ala. 405, 137 So. 30 (1931); *McCarty v. Robinson,* 222 Ala. 287, 131 So. 895 (1931); *North Birmingham American Bank v. Realty Mortgage Co.,* 223 Ala. 30, 134 So. 796 (1931).

5. That Winston Industries Inc. has a valid lien claim as of April 27, 1981.

6. That Winston's lien (4/27/81) is prior in time to the lien of Itel (First Security Bank of Utah, N.A.) (7/1/81) and as such Winston Industries Inc. shall be the first creditor to have its lien satisfied from the proceeds of the sale.

7. That proceeds from the sale, if any remain after Winston's lien is satisfied, shall next be paid to Itel to satisfy Itel's lien.

DONE AND ORDERED.